# In the United States Court of Federal Claims

No. 20-1948
Filed: 7 May 2021
NOT FOR PUBLICATION

```
*************************************
ANTHONY R. CUNNINGHAM, JR.,      *
                                 *
                                 *
           Plaintiff,            *
                                 *
   v.                            *
                                 *
THE UNITED STATES,               *
                                 *
           Defendant.            *
                                 *
*************************************
```

**ORDER**

**I. Background**

On 18 December 2020, plaintiff, proceeding *pro se*, filed his complaint and a motion to proceed *in forma pauperis* with this Court. *See* Compl., ECF No. 1, App. to Proceed *In Forma Pauperis*, ECF No. 2 ("Pl. Mtn. IFP"). On 29 January 2021, the government filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). *See* Def.'s Mot. to Dismiss *Pro Se* Compl., ECF No. 8. Plaintiff's response to the government's motion to dismiss was due on 26 February 2021. *See* RCFC 7.2(b)(1). As of 18 March 2021, plaintiff had not filed a response to the government's motion to dismiss. *See* Order, ECF No. 9. The Court therefore ordered plaintiff to respond to the government's motion on or before 15 April 2021. *Id*. The Court stated, "[i]f plaintiff fails to respond by this date, the Court will have no choice but to dismiss plaintiff's [c]omplaint for failure to prosecute pursuant to RCFC 41(b)." *Id*.

**II. Plaintiff's *In Forma Pauperis* Application**

As an initial matter, plaintiff requests the Court allow him to proceed *in forma pauperis*. *See* Pl. Mtn. IFP. Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement…of any suit, action or proceeding…without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement…that the person is unable to pay such fees or give security therefor." A plaintiff need not "be absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). An affidavit demonstrating a plaintiff is unable to pay the fee or provide security and "still be able to provide himself and dependents 'with the necessities of life,'" is sufficient. *Id*;

*see also Waltner v. United States*, 93 Fed. Cl. 139, 143 (2010) (quoting *Fiebelkron v. United States*, 77 Fed. Cl. 59, 62 (2007)) (stating the proper inquiry when considering an application to proceed *in forma pauperis* is whether "paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute.").

Plaintiff states in his application to proceed *in forma pauperis*: He is currently unemployed, he has not received money from any other sources, and he needs to support his dependents. *See* Pl. Mtn. IFP. Under these circumstances, plaintiff has sufficiently demonstrated he is unable to pay the Court's filing fee. Plaintiff's application to proceed *in forma pauperis* is therefore granted.

### III. Plaintiff's Failure to Comply with the Court's 18 March 2021 Order

When a party fails to respond to the government's motions, or to subsequent court orders, dismissal is not only appropriate but required to properly administer justice. "While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules . . . ." *Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011) (citing *Kadin Corp. v. United States*, 782 F.2d 175, 176–77 (Fed. Cir. 1986)). Furthermore, RCFC 41(b) provides "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it." As *pro se* plaintiffs are, by their nature, unassisted, this Court may sometimes grant a *pro se* plaintiff greater lenience throughout the filing process. In keeping with this permissive leniency, the Court allowed plaintiff an additional 28 days to either file his response to the government's motion to dismiss or show cause why his complaint should not be dismissed for failure to prosecute. Plaintiff failed to file any response to the government's motion to dismiss his complaint or to the Court's 18 March 2021 order, and the Court must therefore dismiss the case pursuant to RCFC 41(b) for failure to prosecute and failure to comply with a Court order.

### IV. Conclusion

Plaintiff has not submitted or filed documents of any sort with this Court since filing his complaint and motion to proceed *in forma pauperis* on 18 December 2020, despite the government filing a motion to dismiss and the Court ordering him to respond. The Court hereby: (1) **GRANTS** Mr. Cunningham's motion to proceed *in forma pauperis*, (2) **DENIES** as **MOOT** the government's motion to dismiss; and (3) directs the Clerk to **DISMISS** the case without prejudice pursuant to RCFC 41(b).

**IT IS SO ORDERED.**

s/Ryan T. Holte
RYAN T. HOLTE
Judge
